IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| BERNADETTE M. CHERENKO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-00259-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| NEWMAR CORPORATION, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION[1]**

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

## I.     INTRODUCTION

This civil action was removed to this court from the Court of Common Pleas of Allegheny County, Pennsylvania.  Generally, Plaintiff Bernadette M. Cherenko alleges that she purchased a defective vehicle manufactured by Defendant Newmar, Corporation and brings breach of warranty under the Magnuson-Moss Warranty Act 15 U.S.C. § 2301, *et seq*., and Pennsylvania consumer protection law causes of action.  This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Presently before the Court is Defendant's motion to transfer venue to the United States District Court, Middle District of Florida Fort Myers Division pursuant to 28 U.S.C. § 1404(a). (ECF No. 4).  For the reasons the follow, said motion is denied.

## II.     BACKGROUND

---

[1]     All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

Plaintiff alleges that she purchased a Newmar Bay Star Sport recreational vehicle ("RV") in Florida and registered the RV in Pennsylvania.  Plaintiff alleges that the RV included an extended warranty as well as other guarantees and warranties provided in the owner's manual. Plaintiff claims that "as a result of the ineffective repair attempts made by Defendant through its authorized dealer(s), the vehicle is rendered substantially impaired and unable to be utilized for its intended purposes and is worthless to Plaintiff." Compl. (ECF No. 1-1 at ¶ 9).  For example, Plaintiff complained about defects and or non-conformities to the following vehicle components: defective pump, wrong control board put on at service center, fittings were wrong, rear jack stays off the ground, passenger side window fogging up, hole in sofa cushion, oil stain on the pocket door, hood release needs adjusted, driver's side 5th door back needs adjusted, the passenger side 4th door back not closing at all, hinge gets hung up on the driver's side 2nd door, water leaking into two of the baggage doors,  no water coming to any of the sinks, coach is uneven when leveled, driver's seat valance rusting, water heater not working, indicator light stays on the water heater causing an overheating issue, jacks do not touch the ground, water all over the floor when sewage rinse valve under sink is turned on, gate valve leaks, driver's side seatbelt needs adjusted, screen door not closing tightly, and water leaking from kitchen sink. (*Id*. at ¶ 10).

The Purchase Agreement for the RV entered into by Plaintiff and the Florida RV dealership, North Trail RV Center provides that "[a]ny actions of any kind relating to this sale and these goods . . . must be filed exclusiv[ely] in Fort Meyers(sic), Florida" and the sale of goods are governed by Florida Law. (ECF No. 1-1 at 13).  Plaintiff does not name North Trail RV Center as a defendant nor asserts any claims against it.

Plaintiff alleges that the vehicle is defective and exhibits nonconformities that substantially impairs its use, value and/or safety and asserts the following causes of action: (1) a Magnuson-

Moss Warranty Improvement Act, 15 U.S.C. § 2301, *et seq*. claim (Count I); and (2) a Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 Pa. Stat. Ann. § 201-1, *et seq*. claim (Count II).

Defendant seeks to transfer this case to the Middle District of Florida Fort Myers Division under 28 U.S.C. § 1404(a).

## III.    DISCUSSION

A district court may transfer any civil action to another district or division that the case might have been brought if such a transfer is for the convenience of the parties and witnesses and is in the interest of justice. 28 U.S.C. § 1404(a).  The Court of Appeals for the Third Circuit has delineated several private and public factors that courts must balance when determining whether to transfer a case under the discretionary transfer statute. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The private *Jumara* factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara*, 55 F.3d at 879. Moreover, the Court must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive" for the parties. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 n.6, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013).

The public factors include "the enforceability of the judgment"; "the relative administrative difficulty in the two fora resulting from court congestion"; "the local interest in deciding local

controversies at home"; "the public policies of the fora"; and "the familiarity of the trial judge with the applicable state law in diversity cases." *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (quoting *Jumara*, 55 F.3d at 879–80).

These factors change, however, where a forum-selection clause is present. In this instance, "district courts [must] adjust their usual § 1404(a) analysis in three ways[,]" by giving no weight to the forum preferred by "the party defying the forum-selection clause[,]" considering the private interests to "weigh entirely in favor of the preselected forum[,]" and to only analyze the public interest factors. *Atlantic Marine Const. Co.*, 134 S. Ct. at 581–82. See also *In re: Howmedica Osteonics Corp*, 867 F.3d at 407 (delineating discretionary transfer statute framework for applying forum selection clauses in multi-party cases that include non-contracting parties). In this case, while there is a forum selection clause in the sales agreement between Plaintiff and North Trail RV Center, North Trail RV Center is not a party to this action and there is no forum selection clause between Plaintiff and Defendant. Because "a forum-selection clause 'can be enforced only by the signator[y] to [the] agreement[],'" *In re: Howmedica Osteonics Corp*, 867 F.3d at 407 (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1293–97 (3d Cir. 1996)), there is no presumption that Plaintiff's claims against Defendant should be litigated in Florida and the private *Jumara* factors will be considered.

"The burden of establishing the need for transfer still rests with the movant[,]" and in deciding a defendant's motion for transfer, "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879 (internal quotation marks and citations omitted). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (quotation and citation omitted).

As to the first and second factors, Plaintiff filed this lawsuit in the Court of Common Pleas of Allegheny County, Pennsylvania, and thus her choice of forum is Pennsylvania. Defendant removed the suit to federal court in the Western District of Pennsylvania, but now argues the proper venue is the Middle District of Florida. Plaintiff opposes transfer to the Middle District of Florida and her choice of litigating in Pennsylvania should not be lightly disturbed. Unless there is an exceptional reason compelling transfer to Florida, Defendant's motion will be denied.

As to the third factor – whether the claim arose elsewhere – this factor weighs against transfer to Florida. Defendant argues that because the sale of the RV and service of the RV took place in Florida, this factor weighs in favor of transferring this action to Florida. Plaintiff responds that Defendant has a regular presence in the Commonwealth of Pennsylvania and regularly conducts business in the Western District of Pennsylvania because it sells its units throughout Pennsylvania and is a national manufacturer whose warranty is good at any dealer across the Commonwealth. Plaintiff also disputes that the repairs completed on the vehicle were undertaken in Florida and instead maintains that all repairs were completed by Defendant's authorized dealers within Pennsylvania and the Western District of Pennsylvania.

As to where the repairs were completed, neither party has provided this Court with proof of where the repairs took place, so this will not be considered.[2] It is undisputed that Plaintiff chose to travel to Florida to buy the RV and entered into a sales contract with a Florida dealership. However, this factor is neutralized because there is no breach of contract claim stemming from the sales contract and Plaintiff did not bring any claims against the Florida-based dealership. It is also undisputed that the RV is registered in Pennsylvania, and Defendant does not dispute that it

---

[2] The repair documents submitted by Plaintiff do not illustrate that repairs were undertaken in Pennsylvania. (ECF No. 1-1 at 15-26).

conducts business and manufacturers RVs for sale in Pennsylvania, and its warranty is applicable to its RVs in Pennsylvania. Therefore, these factors weigh against transfer to Florida.

As to the fourth factor – the convenience of the parties as indicated by their relative physical and financial condition – this factor weighs in favor of a Pennsylvania forum. Neither party resides in Florida. Plaintiff is a Pennsylvania citizen residing within the Western District of Pennsylvania which is over 1,000 miles from Florida. Defendant is headquartered in Nappanee, Indiana which is over 1,000 from Florida and approximately 300 miles from the Western District of Pennsylvania. Neither party addressed their financial condition, and that factor will not be considered.

As to the fifth factor – the convenience of the witnesses – this factor weighs in favor of a Pennsylvania forum. Defendant argues that it would be a burden for non-party sale and service witnesses who work and reside in Florida to travel to Pittsburgh for discovery and trial.[3] Plaintiff responds that Defendant has provided no affidavit as to who these witnesses are and what testimony is expected from them. Plaintiff also argues that she is not asserting claims against the selling dealership in Florida, implying any sales witnesses are not relevant to this suit. Defendant provides no basis for this Court to conclude that individuals who sold Plaintiff a car that she now claims is defective under its manufacturer's warranty are witnesses necessary to prove or defend against her claims. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 181 (3d Cir. 1991) (to determine the potential inconvenience of lay witnesses, a court "must immerse itself to a certain degree in the facts of the case."). As to unnamed service individuals, the Court was not provided enough information regarding the location of these individuals and will not conduct an analysis of their

---

[3] Defendant does not argue that any of these alleged witnesses are unavailable because they are beyond the Court's subpoena power.

6

convenience. Therefore, Defendant has not identified any witness who would be so inconvenienced to overcome Plaintiff's choice of forum.

As to the sixth factor - the location of books and records – this factor weighs in favor of a Pennsylvania forum. Defendant argues that to the extent records cannot be produced electronically, they would be located at the Florida RV dealership. Defendant has provided no reason to believe that any records would not be stored electronically and why either party would require records, besides sales and warranty documents already in either party's possession, from the Florida RV dealership. Accordingly, because Defendant has the burden of showing transfer, this factor does not weigh in favor of transferring this case to Florida.

Therefore, all the private factors considered together weigh in favor of a Pennsylvania forum.

Considering the public factors, there is no dispute that a judgment would be enforceable in either forum, and there is no need to transfer this case to ensure that a judgment will be enforced. Second, regarding the practical considerations making trial easy, expeditious or inexpensive, it would be easier for one party to travel 300 miles from its corporate headquarters to Pennsylvania than both parties to travel over 1,000 miles to Florida to adjudicate this action and this factor weighs against transfer. Third, as to issues of court congestion, this factor is neutral as alleged by Defendant, the Western District of Pennsylvania has a current case load of 2,153 cases and the Middle District of Florida has a current case load of 6,938 cases. Considering Defendant's exhibit, in 2020, judges in the Western District of Pennsylvania had an average of 344 pending cases compared to an average of 584 pending cases for judges in the Middle District of Florida. *See* uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf at 18, 91. Therefore, this factor is neutral and does not support a transfer. As to Pennsylvania or Florida's

interest in the controversy and the public policies of the fora, this factor weighs against transfer because as explained, while the sale occurred in Florida, the underlying action does not concern a breach of the sales contract against the Florida-based dealership.  As to the applicable law, Plaintiff asserts claims under Pennsylvania and federal law, which are analyzed regularly in this court. A judge sitting in the Middle District of Florida could certainly scrupulously analyze issues arising under Pennsylvania law making this factor is neutral and providing no reason for transfer. Therefore, all the public factors considered together weigh in favor of a Pennsylvania forum.

## IV.    CONCLUSION

Defendant has not met its burden of showing that the private or public factors sufficiently outweigh Plaintiff's choice of forum in Pennsylvania.  Accordingly, Defendant's motion is denied.

An appropriate Order follows.

Dated: December 10, 2021.                              By the Court,
                                                       s/ Cynthia Reed Eddy
                                                       Cynthia Reed Eddy
                                                       Chief United States Magistrate Judge